UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:19-cr-18-RLY-MPB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| NED PALMER ALBRIGHT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-cr-00018-RLY-MPB |
| | ) |
| NED PALMER ALBRIGHT, | ) -01 |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Ned Palmer Albright, who is represented by retained counsel, filed a motion that the Court construes as a motion for compassionate under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 50. The Court understands Mr. Albright to be asking the Court to reduce his sentence to time served and release him to supervised release with home detention as a condition. *Id.* For the reasons stated below, Mr. Albright's motion is denied.

**I.   Background**

In June 2019, Mr. Albright signed a plea agreement and agreed to plead guilty to two counts of possession of sexually explicit material involving minors, in violation of 18 U.S.C. § 2252(a)(4). Dkt. 30. In pleading guilty, Mr. Albright stipulated that he possessed visual depictions of minors engaging in sexually explicit conduct, including one or more visual depictions involving a prepubescent minor or a minor less than twelve years of age. Dkt. 30 at 9. Subject to an exception not relevant here, Mr. Albright also agreed "not to . . . seek to modify [his] sentence . . . in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 . . . ." *Id.* at 12. In September 2019, the Court accepted the plea agreement, adjudged Mr. Albright guilty, and

sentenced him to 24 months of imprisonment and 10 years of supervised release. Dkts. 44, 45. Judgment was entered on September 18, 2019. Dkt. 45.

Mr. Albright is 71 years old. He is currently incarcerated at FCI Ashland. As of December 16, 2020, the Bureau of Prisons ("BOP") reports that 62 inmates and 23 staff members at FCI Ashland have active cases of COVID-19; it also reports that 269 inmates and 18 staff members at FCI Ashland have recovered from COVID-19 and that 4 inmates at FCI Ashland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Dec. 16, 2019). Mr. Albright has been incarcerated since October 24, 2019. Dkt. 52 at 5. The BOP lists his anticipated release date (with good-credit time) as June 26, 2021.

On October 29, 2020, Mr. Albright filed a motion that the Court construed as a motion for compassionate release. Dkt. 50. The United States responded on November 9, 2020. Dkt. 52. Mr. Albright has not filed a reply, and the time for doing so has passed. Thus, Mr. Albright's motion for compassionate release is ripe for review.

**II.    Discussion**

The Court understands Mr. Albright to be seeking a sentence reduction based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 50. Specifically, he contends that his age and medical conditions (including type 2 diabetes and high blood pressure) place him at an increased risk of experiencing severe symptoms if he contracts COVID-19. *Id.*

In response, the United States observes that Mr. Albright waived his right to file a motion for sentence modification under § 3582. Dkt. 52 at 4. The United States also argues that Mr. Albright has not shown an extraordinary and compelling reason warranting a sentence reduction,

3

that he poses a risk to minor children in the community if released, and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. *Id.* at 8–19.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

*A.     Waiver*

Mr. Albright's motion for compassionate release must be denied because, as the United States observes, it is barred by the plain terms of his plea agreement. "When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that waiver are express and unambiguous, we will enforce those terms." *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). The same rule applies to waivers of the right to file a motion for sentence reduction. *See United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017) (holding that motion for sentence reduction under 18 U.S.C. § 3582(c)(2) was barred by plea waiver agreeing not to "seek to modify his sentence . . . in any type of proceeding."). Plea waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (internal quotation marks and quoted authority omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).

Here, the express terms of the plea waiver forbid Mr. Albright from doing what he seeks to do with his motion for compassionate release—that is, seeking to modify his sentence "in any later legal proceeding, including but not limited to, an action brought under U.S.C. § 3582."[1] Mr.

---

[1] A motion for compassionate release under § 603 of the First Step Act is a motion under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sutton*, the Seventh Circuit held that the First Step Act and not Section 3582(c)(1)(B) is the "vehicle" through which a defendant seeks relief. *Sutton*, 962 F.3d 979, 984 (7th Cir. 2020). But that holding is limited to motions seeking relief under § 404(b) of the First Step Act. *Id.* ("Critically, and *unlike the other two exceptions to § 3582(c)*, subsection (c)(1)(B) does not even refer to who can move for modification or how." (emphasis added)). Regardless, Mr. Albright's plea waiver prohibited him from seeking to modify his sentence in "any later legal proceeding," which plainly encompasses his motion for compassionate release.

Albright does not contend that his decision to sign the plea agreement was not knowing and voluntary, nor does he suggest that he was unaware of his rights under the First Step Act at the time he signed his plea agreement. Mr. Albright also does not claim that any of the other reasons for invalidating a plea waiver (court reliance on a constitutionally impermissible factor, sentence exceeding the statutory maximum, or ineffective assistance of counsel in negotiating the plea agreement) apply. The Court acknowledges that Mr. Albright's waiver includes a narrow exception for retroactive Sentencing Guideline amendments that would lower the guideline range that pertains to Mr. Albright's offenses. However, this exception is not applicable here. Thus, the plain terms of Mr. Albright's plea waiver bar his motion.

In cases where a defendant signed a similar waiver and pleaded guilty before enactment of the First Step Act, this Court has consistently found that the defendant did not knowingly and voluntarily waive the right to file a compassionate release motion in district court because the right to file such a motion did not exist when the defendant agreed to the waiver. *See, e.g.*, *United States v. Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). But this is not such a case because Mr. Albright signed his plea waiver in June 2019 – about 6 months after the First Step Act was enacted.

In his motion, Mr. Albright contends that the COVID-19 pandemic constitutes an extraordinary circumstance warranting a sentence reduction. To the extent this contention can be read a suggestion that the extraordinary nature of the COVID-19 pandemic invalidates his plea waiver, the Court disagrees. There is no generalized rule that "unforeseen events"—such as the current pandemic—render a plea waiver invalid. Instead, the Seventh Circuit has enforced plea waivers even when significant unforeseen events occur after the plea waiver was signed. For

example, in *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), the defendant signed an appeal waiver. After he was sentenced, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). The defendant filed a direct appeal and argued that his appeal waiver was not knowing and intelligent because he could not have anticipated *Booker* and *Booker* effected a "sea change" in the law. The Seventh Circuit rejected this argument and enforced the plea waiver, reasoning:

> In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes this risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.

*Id.* at 636. While COVID-19 has wrought unprecedented circumstances, under the facts presented here and the rationale of *Bownes*, the Court finds that the waiver provision must be enforced. *See United States v Egebrecht*, No. 2:17-cr-00007-JRS-CMM-01, Dkt. 72 (S.D. Ind. June 29, 2020) (denying motion for compassionate release because defendant waived right to file motion in plea agreement signed in April 2019); *United States v. Harris-Harden*, No.1:18-cr-211-JPH-TAB-01, dkt. 77 (S.D. Ind. Sept. 22, 2020) (denying motion for compassionate release because defendant waived right to file motion in plea agreement signed in April 2019); *United States v. Barnett*, No. 1:17-cr-158-SEB-TAB-05, dkt. 503 (S.D. Ind. Oct. 6, 2020) (denying motion for compassionate release because defendant waived right to file motion in plea agreement signed on Dec. 26, 2018).

   B. Merits

Even if Mr. Albright's motion were not barred by his plea waiver, the Court would deny the motion on the merits. Section 3582(c)(1)(A)(i) allows the Court to reduce a sentence if it finds that "extraordinary and compelling reasons" warrant a sentence reduction," after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent they are applicable." Even assuming that

Mr. Albright's vulnerability to COVID-19 amounts to an extraordinary and compelling reason that could warrant a sentence reduction, the sentencing factors in § 3553(a) do not favor release.[2]

The undersigned sentenced Mr. Albright a little over a year ago and is fully aware of the facts of his case. Mr. Albright possessed more than 300 child pornography images but fewer than 600 child pornography images, including a video that depicted a prepubescent girl performing oral sex on an adult man. Dkt. 41 at 4–6. During the investigation, Mr. Albright admitted that he had been downloading child pornography for 15 years and that he used the downloaded materials for his sexual gratification. *Id.* at 5–6. Mr. Albright also admitted that, in the past, he had molested a girl on several occasions when she was under 10 years old. *Id.* at 6. Mr. Albright is clearly sexually attracted to children. The Court thus finds that releasing him after he has served a little over a year of his sentence would not adequately protect the public from future crimes that Mr. Albright might commit. In addition, the sentencing guideline range for Mr. Albright's crimes was 37–46 months. Dkt. 52 at 5. His 24-month sentence thus represented a substantial downward departure, and the Court concludes that releasing him after just over a year would not adequately reflect the seriousness of his crimes, promote respect for the law, or provide just punishment. While the Court sympathizes with Mr. Albright's fear of contracting COVID-19 and recognizes that he may be at some risk from the virus, the danger he faces from COVID-19 is not enough to tip the balance in favor of release in this case. *See United States v. Ebbers*, No. S402-CR-11443 VEC, 2020 WL

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Albright's motion for compassionate release, dkt. [50], is **denied**.

**IT IS SO ORDERED.**

12/22/2020

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel